## Peffer v. Eberle Tanning Company

*D. Bruce Cahilly*, for plaintiff.
*Edwin A. Glover*, for defendant.
*John B. Leete*, for additional defendant.

FINK, *P.J.*, December 7, 1982—Plaintiff initially filed a complaint in assumpsit against original defendant, Eberle Tanning Company, on January 25, 1982, seeking to recover the balance allegedly due plaintiff for supplying labor and materials in regard to some electrical work done on behalf of defendant. Defendant Eberle filed an answer containing new matter and a counterclaim on February 16, 1982. Plaintiff, on March 11, 1982, filed a reply containing new matter to defendant's answer, new matter and counterclaim. Defendant Eberle, on April 5, 1982, filed a counter reply to plaintiff's new

matter. On May 28, 1982, plaintiff filed a writ to join additional defendant, Robert "Bud" Hess, as to defendant's counterclaim. The sheriff's return indicates that on June 16, 1982, the proposed additional defendant was served with a copy of the writ and on September 20, 1982, the proposed additional defendant was served with all the pleadings heretofore mentioned together with a complaint to join additional defendant. On October 1, 1982, additional defendant, Robert "Bud" Hess, filed preliminary objections in the nature of a demurrer which raised the issue of whether or not plaintiff exceeded the limitation period in filing his writ to join additional defendant as well as filing the complaint to join, and on November 9, additional defendant Hess filed an answer to complaint against additional defendant.

It is crucial to note that plaintiff alleged in his reply containing new matter and counterclaim that Robert "Bud" Hess, the proposed additional defendant herein, was "an agent and/or employee" of defendant Eberle Tanning Company concerning certain matters of installation and connections of electrical equipment. It was further alleged by plaintiff that additional defendant, as agent for defendant, modified certain installations which may have resulted in that complained of by defendant in its counterclaim. In defendant's reply to plaintiff's new matter, filed April 5 as above stated, for the first time defendant asserted that additional defendant, Robert "Bud" Hess, was an independent contractor and not an agent or employee of defendant which, therefore, for the first time gave rise to the possibility of plaintiff joining the proposed additional defendant as such as to defendant's claim on either a liability-over theory or joint liability theory.

Initially, the court questioned the propriety of plaintiff seeking to bring in an additional defendant. However, it is clear that this is authorized by Pa.R.C.P. 2256(c) which says, "A party against whom a counterclaim is asserted shall have the same right to join any one as an additional party that is given to a defendant in Rule 2252." Therefore, there is no question about the procedure employed by plaintiff. The only question is whether plaintiff did so in a timely manner.

Unfortunately, the Rules of Civil Procedure concerning "Time for Filing Praecipe or Complaint" (Pa.R.C.P. 2253) are couched in terms as if defendant were necessarily the party seeking to bring in an additional defendant, viz.,

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the Court upon cause shown."

It is the belief of this court that the Rules of Civil Procedure were promulgated to set forth specific guidelines of procedure to promote efficiency of court administration and to obtain uniformity in pleadings with fairness and equity to all. It is obvious that if Rule 2253 was strictly construed, it would not even apply to the present situation. Therefore, certain interpolation is necessary in light of the general purposes of the civil procedural rules as seen by this court. In seeking to give effect to Rule 2253 under the present factual situation, we view that a reasonable interpretation under such

facts would be that the time limitation period in which a plaintiff has to file a praecipe for writ to join or a complaint to join additional defendant is within 60 days after service upon plaintiff of the pleading which gives rise to the possibility of an additional defendant being brought in by plaintiff.

In the instant case, therefore, it is obvious that so long as plaintiff had thought and, indeed, had pled that Robert "Bud" Hess was an agent or employee of the original defendant, there would be no need to bring him in as an additional defendant. However, when the original defendant in its pleading of April 5 alleged that Hess was an independent contractor as opposed to defendant's agent or employee, plaintiff could properly assert a claim on a liability-over theory or a joint liability theory against the additional defendant as to the original defendant's counterclaim. Therefore, the time for filing a praecipe or complaint against the additional defendant would run from April 5 (we assume that once the pleadings commence, plaintiff would be served with a copy of defendant's pleading the same day it was filed). This action was instituted against the proposed additional defendant by plaintiff by writ on May 28, 1982, which was certainly within the 60 day period.

Rule 2254 concerning service of process and pleadings subparagraph (b) indicates that the writ "shall be served by the Sheriff in the same manner as a Writ of Summons within thirty (30) days after the commencement of the action to join, unless the time be extended by the Court upon cause shown." The writ was actually served as above set forth on the proposed additional defendant by the Sheriff of Potter County on June 16, 1982, which was, of course, within the thirty day period. The additional defendant may now claim that the complaint was

not filed until September 8, 1982 and not served until September 24, 1982. If the correct interpretation of Rule 2254 would be that the complaint must be filed within 30 days from the date the writ of summons is served (we do not embrace this interpretation nor do we pass upon this particular point), defendant would have had his right to file a motion for judgment of non pros under Rule 2254(d) but simply neglected to do so.

Accordingly, it is the finding of this court that plaintiff properly joined the additional defendant and within the appropriate time limit and, therefore, the following

## ORDER

And now, December 7, 1982, the preliminary objections of the additional defendant Robert "Bud" Hess, are hereby dismissed.